MERCADO ET AL., PLAINTIFFS AND APPELLANTS, v. SUCCESSION OF FERREIRO, DEFENDANT AND APPELLEE.

Appeal from the District Court of San Juan, Section 1, in an Action for Annulment of Sale and Record of Title.

MOTION of Appellee for Dismissal of the Appeal.

No. 1881.—Decided June 28, 1918.

APPEAL—STATEMENT OF CASE—BILL OF EXCEPTIONS—TRANSCRIPT OF RECORD—. NEGLIGENCE OF STENOGRAPHER.—Inasmuch as the appellant must suffer the consequences of his own carelessness or neglect when he himself prepares the statement of the case or bill of exceptions, in accordance with the Act of 1911, so must he also suffer the consequences of the acts of the court stenographer when he voluntarily selects that employee to do the work for

him; therefore, if the stenographer fail to present the transcript of the evidence within the time fixed by the court, it is the same as if the appellant had failed to present it when he was in charge of its preparation. There being no statement of the case or bill of exceptions, the thirty days allowed the appellant for filing the transcript in the appellate court are not to be computed from the date of the approval of the statement of the case but from the date of the filing of the notice of appeal.

The facts are stated in the opinion.

*Mr. José G. Torres* for the appellants.

*Mr. Eduardo López Tizol* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Section 299 of the Code of Civil Procedure of 1904 prescribed the manner of presenting appeals to this court from judgments of district courts. This section was amended by Act No. 70 of 1911, according to which the appellant was required to prepare a bill of exceptions or statement of facts in narrative form and present it to the judge for his approval in order that it might be made a part of the judgment roll. In the case of *Martínez* v. *Soto Nussa,* 22 P. R. R. 131, we held that these pleadings could be prepared without the aid of the stenographic notes. Subsequently, Act No. 27 of November 27, 1917, authorized the appellant to substitute for such bill of exceptions or statement of the case a transcript of the evidence prepared by the stenographer, presented by the latter to the clerk of the court and approved by the judge after citing the parties, it becoming then a part of the judgment roll.

In the present case the appellants exercised their right of option under that act and within the time prescribed so notified the clerk of the lower court in writing, whereupon the judge allowed the stenographer twenty days within which to present the transcript of the evidence. The stenographer did not deliver the transcript to the clerk within the time fixed and then the appellee made the motion now under consideration for dismissal of the appeal because, the stenographer having failed to deliver the transcript of the evidence within the time fixed, the thirty days allowed the appellants for filing

in this court the transcript of the record for the purposes of appeal should be computed from the date of the notice of appeal, which time had expired. The appellants opposed the motion in writing, alleging that since they elected to proceed under the said act the other steps were ministerial. In other words, that the appeal should not be dismissed because the statement of the case was not perfected.

The party who appeals from a judgment of a district court has now two ways of bringing before this court the exceptions taken and the evidence examined at the trial: first, by preparing himself the bill of exceptions and statement of the evidence and submitting them to the court for approval, and, second, by puting this work in the hands of the court in order that the stenographer may do it.

If, as urged by the appellants, we construe the law in the sense that the failure of the stenographer to present the transcript of the evidence within the time allowed by the court does not prejudice them, this would be equivalent to holding that the stenographer is the arbiter of the prosecution of an appeal, since by delaying the preparation of the transcript of the evidence, or by not preparing it at all, he could thus suspend the appeal indefinitely at his will and thereby prevent the execution of the judgment. This could not have been the purpose of the act.

There may be many reasons for the failure of the stenographer to deliver the work within the time fixed, such as carelessness; a more or less prolonged illness; delay in paying him, or failure to pay him, the fees which he is authorized by law to collect for transcribing his stenographic notes; his ceasing to hold office, or his death. In some of these cases he would never prepare the transcript.

The only construction that can be given to the said act is that whereas the appellant must suffer the consequences of his own carelessness, negligence, or oversight in the preparation of the statement of the case or bill of exceptions when he himself prepares it according to the act of 1911, so

also must he suffer the consequences of the conduct of the stenographer when he voluntarily prefers to confide the work to the said employee of the court, and that, therefore, if the stenographer does not present the transcript of the evidence within the time fixed by the court, it is the same as if the appellant did not present it when he had charge of its preparation—that is, that there is no statement of the case or bill of exceptions and therefore the thirty days allowed the appellant for filing the transcript in this court are not computed from the date of the approval of the statement of the case, but from the date of the filing of the notice of appeal, and as in this case the transcript was not filed within that period of time, the appeal must be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.